IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYKER WILLIAM SCHENCK,<br><br>    Petitioner,<br><br>v.<br><br>MARIN SUPERIOR COURT, et al.,<br><br>    Respondents. | Case Nos.: 12-6396 CW (PR)<br>             13-0384 CW (PR)<br><br>ORDER OF DISMISSAL AND TERMINATING ALL PENDING MOTIONS |

    Since January 1, 2011, Ryker Schenck, a California state prisoner, has filed six pro se actions in this court challenging the validity of his criminal conviction or seeking relief from a judgment entered in a civil action he brought in Marin County Superior Court. Often, Schenck has raised both types of claims in the same case, as he does in the present cases. All of the prior cases have been dismissed prior to service. See 28 U.S.C. § 1915A. The orders reviewing those cases have explained in detail why Schenck's habeas and civil claims are not cognizable.[1]

    The two cases the Court reviews in this Order are captioned as habeas corpus petitions but contain both habeas and civil rights claims. The cases appear to be identical; they seek Schenck's release from custody as well as equitable relief and

---

[1] See Schenck v. People of the State of California, C 11-0448 CW (PR) (order of dismissal filed Sept. 7, 2011); Schenck v. People of the State of California, C 11-0449 CW (order of dismissal filed Mar. 21, 2011); Schenck v. Brown, C 11-2502 SI (PR) (order of dismissal filed Dec. 23, 2011); Schenck v. Superior Court, C 12-4422 CW (PR) (order of dismissal filed Aug. 31, 2012).

damages for alleged erroneous rulings in the civil case he brought in Marin County Superior Court.

It is clear from the face of the petition that Schenck's habeas claim for early release from state custody because of the alleged miscalculation of custody credits has not been exhausted by presentation of the claim to the California Supreme Court. Accordingly, the claim is DISMISSED without prejudice. See Rose v. Lundy, 455 U.S. 509, 515 (1982). Further, Schenck's request that the Court notify him of any outstanding federal criminal charges and bring him to trial on such charges is not properly before this Court. Any such request must be made in accordance with the requirements of the Interstate Agreement on Detainers Act, 18 U.S.C. App. II.

Additionally, Schenck's equitable relief and damages claims concerning his civil case in Marin County Superior Court are duplicative of the claims raised in his prior actions that have been dismissed. A court may dismiss a complaint or individual claims when the complaint or claims are duplicative of claims brought in another case. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed); 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss sua sponte prisoner actions that are frivolous). Accordingly, these duplicative claims are DISMISSED without prejudice.

Based on the above, both of Schenck's pending cases are DISMISSED without prejudice.

//

2

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The two cases addressed in this Order are DISMISSED without prejudice.

2. Leave to proceed in forma pauperis is GRANTED.

The Clerk of the Court shall terminate all pending motions in both cases, enter judgment and close the files.

IT IS SO ORDERED.

Dated: 3/19/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

3